THE GEORGIA PACIFIC RAILWAY COMPANY *v.* ELLIOTT.

Discretion in refusing a new trial on conflicting evidence, not abused and verdict for $500 damages for injury to hand in uncoupling car, not excessive.

April 14, 1890.

Negligence. Railroads. Evidence. Verdict. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

The plaintiff was employed by the defendant as flagman on its train, and in the performance of his duty went between cars to uncouple them. His thumb was so mashed that it had to be amputated. Besides his suffering, loss of time and expenses of treatment, the evidence tended to show considerable reduction in his capacity to earn money. For the other facts see the decision. •

JACKSON & JACKSON, for plaintiff in error.
HOKE & BURTON SMITH, *contra.*

SIMMONS, Justice.

The evidence was conflicting as to the negligence of the plaintiff. He testified positively that when he went to uncouple the car, the train was standing still; that he caught hold of the pin, and the engine moved ahead without any signal from him, and threw the top of the pin back against the dead-block, and caught his thumb and mashed it "all to pieces." He testified positively that he gave no signal to the engineer to move the engine, and that the engine should not have been moved without a signal from him. The conductor, testifying for the defendant, said he was quite close to the plaintiff when he got his thumb mashed; that the plaintiff went between the engine and the car, and the witness said, "How are you fixed, Jack?" and the plaintiff said, "All right"; the engineer heard him holler and went ahead; when the witness asked the plaintiff how he was injured, the plaintiff said, "Carelessness, I reckon; I didn't pull the pin quite high enough." The engineer testified that one of the hands on top of the train gave the signal "All right, go ahead," and he does not think the plaintiff gave it. The plaintiff, in rebuttal, positively denied telling the conductor that he was injured by carelessness. The testimony being conflicting, the jury believed the plaintiff and returned a verdict for him for $500. The trial judge, on reviewing the testimony upon a motion for a new trial, was satisfied with the finding, and refused the motion; and we will not interfere with his discretion in so doing. Nor can we say, under the facts of the case, that the verdict is so excessive as to show bias or prejudice against the defendant on the part of the jury.

The 5th ground of the motion was abandoned in the argument before us. *Judgment affirmed.*